IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDOLPH FONG, | No. C -13-03021(EDL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO REMAND** |
| v. | |
| PATRICIA BEEHLER ET.AL., | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Remand (Dkt. 11.) For the reasons set forth below, the Court grants Plaintiff's motion in part and remands this case to the Superior Court of Alameda County. The Court denies Plaintiff's motion with respect to fees.

**I.      Background**

   A.      Factual Background

In 1993, Glenn and Annie Fong created the Fong Family Living Trust ("the Trust"). (Second Amended Petition ("SAP") ¶ 7.) The Trust's assets included the family home and residential apartments. (Id. ¶ 10.) When Glenn died in 2007, Annie became the sole trustee of the Trust and named her four children equal beneficiaries of the Trust: Plaintiff/Petitioner Randolph Fong, Defendant/Respondent Patricia Beehler, Defendant/Respondent Robert Fong, and Petitioner Cynthia Young. (Id. ¶¶ 11, 22.) In December 2010, Annie appointed Defendants co-trustees of the Trust. (Id. ¶ 36.)

According to Plaintiff, Defendants "took advantage of Annie's advanced age of 86 years, dementia, and the confidence that Annie reposed in them, to unduly influence Annie and complete numerous transactions exceeding $2.3 million that were self-serving, self-dealing, misuse, misappropriation, conflicts of interest, unfair and inequitable, and breaches of trust and fiduciary

1 duties to Annie, the Trust, and its beneficiaries." (Id. ¶ 14.) Plaintiff alleges that Defendants
2 improperly used Annie's credit card and checking accounts (id. ¶¶ 17-21); that Defendants
3 convinced Annie to carry out an annual gifting plan to reduce taxes that unfairly favored Defendant
4 Beehler and others at the expense of the other three beneficiaries (id. ¶¶ 23-25); and that Defendant
5 Beehler otherwise obtained payments from Annie's family estate and the Trust (id. ¶¶ 26-27). On
6 September 30, 2008, Annie sold the family home to Defendant Beehler, reserving a life estate for
7 herself. (Id. ¶ 30.) Plaintiff alleges that the purchase price of $768,588 was well below market
8 value, i.e., that Beehler received a discount of between $181,000 to $650,000. (Id. ¶ 30 n.7, ¶¶ 31-
9 34.) Plaintiff also alleges that Beehler orchestrated an unsecured, $250,000 low-interest loan from
10 Annie to Beehler's son and daughter-in-law, among other transactions. (Id. ¶¶ 35, 37-38.) At
11 Annie's death in January 2011, Plaintiff alleges that the family estate had decreased to $2.3 million
12 from $7.6 million in 2007. (Id. ¶ 38.)

B. Procedural History

14 On November 3, 2011, Plaintiff, a citizen of Washington, filed a petition in the Superior
15 Court of Alameda County, California against Defendants Patricia Beehler and Robert Fong,
16 Michigan and California citizens, respectively, as co-trustees of the Fong Family Living Trust.
17 (Petition, Wood Decl. Ex. A.)[1] The petition described Cynthia Young, a California citizen, as a
18 Trust beneficiary. (Id. ¶ 4.) The petition contained four counts: (1) to compel accounting; (2) to
19 produce trust information; (3) breach of trust and undue influence regarding the sale of the family
20 home; and (4) breach of trust and undue influence regarding the $250,000 unsecured loan. Plaintiff
21 requested, among other things, that the court order redress from Beehler in a sum according to proof
22 at trial. (Id. ¶¶ 40, 41.)

23 On April 6, 2012, Young filed her own petition against Defendants to recover the family

---

[1] The Court grants Plaintiff's request to take judicial notice of several documents filed in the state court action. Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court may take judicial notice of undisputed matters of public record, including documents on file in state court. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

home as a trust asset. (Wood Decl. ¶ 6.) Young filed a First Amended Petition on July 30, 2012. (Id. ¶ 6, Ex. B.) Her First Amended Petition was filed in the same case, with the same case number, as Plaintiff's petition. (Id.)

Plaintiff filed his own First Amended Petition ("FAP") against Defendants as co-trustees on November 19, 2012. (Wood Decl. Ex. C.) The FAP purported to revise and correct Plaintiff's prior allegations and add additional claims based on new information. (Id.) The FAP requested that the court surcharge Defendants and order them to return approximately $1.76 million in payments and gifts to the Trust. (Id. Prayer ¶ 6.) Plaintiff further sought an order requiring Defendants to "allocate and convey the Family Home to Petitioner, and equally to Petitioner Cynthia to the extent she desires, but not to Respondents." (Id. Prayer ¶ 11.) The body of Plaintiff's FAP also described Young as a "Petitioner and Beneficiary." (Id. ¶ 6.) Young filed a notice of joinder in Plaintiff's FAP on December 14, 2012.

On June 21, 2013, Plaintiff filed a Second Amended Petition ("SAP"). (Wood Decl. ¶ 12, Ex. G.) The SAP was brought against Defendants as co-trustees and individuals and had many of the same allegations as the previous petitions. As in the FAP, Plaintiff sought a declaration that over $1.76 million in payments and gifts were trust assets. (Id. Prayer ¶ 7.) Plaintiffs requested that the court order Defendants to return this amount to the Trust or surcharge Defendants for it. The SAP also sought a declaration that the family home was a Trust asset, and Plaintiff requested that the court order Defendants to convey it to Plaintiff "and equally to Petitioner Cynthia to the extent she desires." (Id. Prayer ¶ 12.) Unlike the previous petitions, the SAP sought compensatory damages and punitive damages. (Id. Prayer ¶¶ 16-17.) Like the FAP, the SAP described Young as a petitioner. (Id. ¶ 9.)

Plaintiff mailed Defendants' counsel a copy of the SAP on June 24, 2013. (Wood Decl. ¶¶ 17-19, Ex. I.) Defendants' counsel acknowledged that service by mail on June 24 was sufficient for Defendant Beehler, but stated that he was not authorized to accept service on behalf of Defendant Fong. (Id.) On July 1, 2013, Defendant Beehler removed the case to this Court, alleging that jurisdiction was based on diversity. (Dkt. 1.) Two days later, Plaintiff served Defendant Fong personally with the SAP. (Wood Decl. ¶ 19.) On July 16, 2013, Young filed a notice of joinder in

3

the SAP under Federal Rule of Civil Procedure 20(a). In the notice, she states that was a co-Petitioner in the original action filed in state court and removed to this Court. (Dkt. 5.) Plaintiff filed a motion to remand on July 22, 2013.

**II.     Discussion**

Plaintiff argues that remand is proper because there is no diversity, removal was untimely, Defendants Beehler and Robert are both "local" defendants under 28 U.S.C. § 1441(b), and this case falls within the probate exception to diversity jurisdiction. Defendants counter that Young's joinder does not defeat diversity, § 1441(b) does not prohibit removal because Defendant Fong, the "local" defendant, had not been served when the notice of removal was filed, removal was timely because it was filed within eleven days of service of the SAP, and the probate exception does not apply. The Court finds that there was no diversity between the parties when the SAP was filed and that Defendant Beehler's removal was untimely. Therefore, the Court need not address the parties' other arguments.

  A. <u>Diversity</u>

Under 28 U.S.C. § 1441(a), a defendant may remove from state court to federal court any action in which the federal court has original jurisdiction. District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a); <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373-74 (1978). When removal is based on diversity jurisdiction, complete diversity must exist at the time of removal. <u>Gould v. Mut. Life Ins. Co. of N.Y.</u>, 790 F.2d 769, 773 (9th Cir. 1986) (citing <u>Miller v. Grgurich</u>, 763 F.2d 372, 373 (9th Cir. 1985)). "Whenever federal jurisdiction in a removal case depends on complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." <u>Clarence E. Morris, Inc. v. Vitek</u>, 412 F.2d 1174, 1176 (9th Cir. 1969). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." <u>Gaus v. Miles</u>, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal. <u>Id.</u> "The 'strong' presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." <u>Id.</u>

4

At the time Plaintiff filed the SAP, the parties were Plaintiff, a citizen of Washington and a petitioner in state court,[2] Cynthia Young, a citizen of California and a petitioner in state court, Defendant Beehler, a citizen of Michigan and a respondent in state court,[3] and Defendant Fong, a citizen of California and a respondent in state court. Because Young and Defendant Fong are opposing parties and each is a California citizen, they are not diverse. Therefore, this Court lacks subject matter jurisdiction, and remand is mandatory. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

Defendants argue that Young is not a party because she did not file her notice of joinder in the SAP until after Defendant Beehler filed her notice of removal and the notice of joinder was procedurally improper. Defendants incorrectly assume, however, that Young needed to "join" the SAP to be a party for jurisdictional purposes. On the contrary, Young has been a party in this action at least as early as July 30, 2012, when she filed an amended petition in state court. Young also expressly joined Plaintiff's FAP in state court on December 14, 2012. Moreover, both Plaintiff's FAP, filed November 19, 2012, and the SAP itself, describe Young as a petitioner. The state court treated Young as a party as well by addressing and granting her motion to disqualify Defendants' counsel. (Wood Decl. Ex. E.) Defendants cite no authority for their assumption that because Young did not file the SAP, she is no longer a party despite being a party to the state court action for over a year before removal.

Defendants also suggest that Defendant Fong should be ignored for diversity purposes

---

[2] Although Defendant Beehler's Notice of Removal states that Plaintiff is a citizen of Oklahoma, Defendants acknowledge in their opposition that he is a citizen of Washington. (Defs.' Opp. at 1.)

[3] Plaintiff argues that Defendant Beehler is a California resident because she resided in and owned a house in California and because Annie Fong was a California citizen and under 28 U.S.C. § 1332(c), an estate representative has the citizenship of the decedent. Neither argument is persuasive. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Citizenship is based on the state of domicile, which is a permanent home. Id. Plaintiff's petitions list Beehler's address as Elk Rapids, Michigan, and he served Beehler by mail at her Michigan address. (Wood Decl. Ex. A; id. Ex. C; SAP.) As to § 1332(c), Plaintiff did not sue Defendants as the legal representatives of Annie's estate but as co-trustees of the Trust. Moreover, "[a] trust has the citizenship of its trustee or trustees," and Plaintiff has cited no authority for the converse. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

5

1 because he had not been served at the time of removal; Defendant Beehler's Notice of Removal
2 states that Plaintiff and Defendant Beehler are diverse and that the latter "is the only Respondent that
3 has been served with summons and second amended petition in this action." (Dkt. 1.) That
4 Defendant Fong was not served with the SAP at the time of removal is irrelevant. Diversity turns on
5 the citizenship of the parties, not service. Vitek, 412 F.2d at 1176; see also Jennings-Frye v. NYK
6 Logistics Ams. Inc., Case No. 10-9737, 2011 U.S. Dist. LEXIS 19562, at *8-*10 (C.D. Cal. Feb. 11,
7 2011) ("The case law is clear that a defendant who is a citizen of plaintiff's state destroys complete
8 diversity, regardless of whether that defendant was properly served prior to removal.")

9     B.     Timeliness

10 Under 28 U.S.C. § 1446(c)(1), "A case may not be removed under subsection (b)(3) on the
11 basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action,
12 unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant
13 from removing the action." Subsection (b)(3) refers to cases where the initial pleading is not
14 removable. Consequently, for the one-year time limit for removal to apply, the case must be
15 premised on diversity jurisdiction and the initial pleading must not have been removable. Ritchey v.
16 Upjohn Drug Co., 139 F.3d 1313, 1316-17 (9th Cir. 1998). "Commencement of the action" in §
17 1446 "refers to when the action was initiated in state court, according to state procedures." Bush v.
18 Cheaptickets, Inc., 425 F.3d 638, 688 (9th Cir. 2005).

19 Defendants have failed to established that Beehler removed this case within one year of
20 commencement. Defendants implicitly acknowledge that this action was not removable in the first
21 instance by relying on subsection (b)(3) of § 1446 in arguing that Defendant Beehler's notice of
22 removal was timely although not filed within 30 days of the initial petition. Plaintiff filed his initial
23 petition on November 3, 2011. Cal. Code Civ. Proc. § 350 ("An action is commenced, within the
24 meaning of this title, when the complaint is filed.") Defendant Beehler removed the action on July
25 1, 2013, which is more than a year after November 3, 2011. Consequently, Defendant Beehler's
26 removal was untimely under § 1446(c)(1).

27 Defendants argue unpersuasively that "commencement" should be measured not from the
28 filing of the initial petition but from the filing of the SAP because the SAP for the first time sought

6

1  damages of $2.3 million against Defendants individually. According to Defendants, "[t]he
2  procedural history of this case makes very clear that Ms. Beehler removed this action within 11 days
3  of service of the Second Amended Petition. Well within both the 30 day period and the one-year
4  period set forth in section 1446." (Defs.' Opp. at 7.)

5       Defendants' argument is unpersuasive. Defendants do not cite any case law for the
6  proposition that the filing of an amended complaint or petition alone starts a new action for § 1446
7  purposes. Although it appears that the Ninth Circuit has not directly addressed this issue, in the
8  context of the Class Action Fairness Act, ("CAFA"), it held that commencement occurs when the
9  original complaint in the action was filed and "[a]ny amendment of that [original] complaint –
10 whether to add new causes of action, to add or replace plaintiffs, or to add or replace defendants –
11 does not change that commencement date." McAtee v. Capital One, 479 F.3d 1143, 1148 (9th Cir.
12 2007). Moreover, other courts have reasoned that "commencement of the action" for purposes of
13 the one year limitation of § 1446 occurs when the original complaint is filed and does not start anew
14 upon the addition of a new party or claim. See, e.g., AFO Imaging v. State Farm Mut. Auto. Ins.
15 Co., Case No. 12-996, 2012 U.S. Dist. LEXIS 123413, at *5 (M.D. Fla. Aug. 30, 2012); Taylor v.
16 Daniel King RSIE Indem. Co., Case No. 12-1, 2012 U.S. Dist. LEXIS 111352, at *6-*7 (W.D. Ky.
17 Aug. 8, 2012); Wright-Basch v. Wyeth, Case No. 06-278, 2012 U.S. Dist. LEXIS 97459, at *13-14
18 (E.D. Mo. July 13, 2012).

19      This case commenced in November 2011 when the initial petition was filed. Although the
20 SAP added Defendants in their individual capacities and some new claims, it remained similar to the
21 initial petition – a dispute among sibling heirs about their parent's estate – and did not constitute a
22 new suit. Both the initial petition and the SAP alleged, among other things, that Defendants
23 breached their fiduciary duties and unduly influenced Annie Fong with regard to the sale of the
24 family home and the $250,000 unsecured loan.

25     C.    Fees

26     In addition to requesting remand, Plaintiff seeks an award of $7,775.00 in attorney's fees
27 incurred and $2,000 in estimated attorneys fees he expects to incur, as a result of removal. (Wood
28 Decl. ¶¶ 22-26.) Plaintiff argues that fees are warranted because Defendant Beehler removed this

7

case after 20 months of probate court litigation and on the verge of an unfavorable ruling when diversity did not exist and characterizes removal as "eleventh-hour forum shopping after disqualification of prior counsel." Defendants argue that fees are inappropriate because Defendant Beehler had an objectively reasonable basis for seeking removal because this is a civil case for damages brought by a Washington state plaintiff against a Michigan defendant.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132 (2005).

The Court denies Plaintiff's request for fees without prejudice. Given the lack of diversity between the parties when the SAP was filed, and given Defendants' failure to cite any law in support of their argument that the SAP commenced a new action for the purposes of § 1446(c), Defendants did not have an objectively reasonable basis for seeking removal. Plaintiff has not, however, attached any billing records to substantiate its fee request and to show that the fees incurred related to Defendant Beehler's removal.

### III. Conclusion

The Court grants Plaintiff's motion to remand in part and remands this case to the Superior Court of Alameda County. The Court denies Plaintiff's motion with respect to fees.

**IT IS SO ORDERED.**

Dated: 9/16/13

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge