IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDOLPH FONG, | No. C -13-03021(EDL) |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES FOR REMAND** |
| v. | |
| PATRICIA BEEHLER ET.AL., | |
| Defendant. | |

Before the Court is Plaintiff Randolph Fong's Motion for Fees for Remand (Dkt. 23.) Plaintiff seeks $31,335.00 in attorney's fees he asserts were incurred as a result of Defendants' removal of this action. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion. Consistent with its Order of September 16, 2013, the Court finds that Defendants' lacked an objectively reasonable basis for seeking removal. The Court therefore awards Plaintiff $9,775.00 under 28 U.S.C. § 1447(c), which is the amount Plaintiff originally sought when he filed his motion to remand.

**I.    Background**

The underlying dispute in this case aligns Plaintiff/Petitioner Randolph Fong and his sister, Plaintiff/Petitioner Cynthia Young, against their siblings, Defendants/Respondents Patricia Beehler and Robert Fong. On July 1, 2013, Defendant Beehler removed the Second Amended Petition ("SAP") from state court to federal court. Plaintiff Fong subsequently moved to remand the case and sought $9,775.00 in attorney's fees incurred due to removal. In support of that fee request, Plaintiff's counsel averred that Plaintiff incurred $7,775.00 in attorney's fees as a result of removal as of July 22, 2013, the day the motion to remand was filed, and that records were available to substantiate that amount. (Wood Decl. ¶¶ 24-26.) Counsel also estimated that Plaintiff would incur

1  an additional $2,000 "to get through the hearing and remand, for a total of $9,775.00." (Wood Decl.
2  ¶ 26.) After Plaintiff Fong moved to remand, Defendants moved to dismiss, arguing that Plaintiffs
3  lacked standing under <u>Estate of Giraldin</u>, 55 Cal. 4th 1058 (Cal. 2012), the SAP failed adequately to
4  allege the theory of trustee *de son tort*, and Defendants had already produced the accounting that
5  Plaintiffs sought. The Court held a hearing on the motion to remand on September 3, 2013.

6        On September 16, 2013, the Court granted the motion to remand. The Court concluded that
7  there was no diversity between the parties when the SAP was filed because Cynthia Young and
8  Robert Fong were both California citizens. The Court also concluded that Defendant Beehler's
9  removal was untimely under 28 U.S.C. § 1446(c)(1). Additionally, the Court found that "[g]iven the
10 lack of diversity between the parties when the SAP was filed, and given Defendants' failure to cite
11 any law in support of their argument that the SAP commenced a new action for the purposes of §
12 1446(c), Defendants did not have an objectively reasonable basis for seeking removal." (Dkt. 20 at
13 8.) The Court denied Plaintiff's fee request without prejudice, however, because Plaintiff did not
14 attach any billing records to substantiate the $9,775.00 sought.

15       On September 21, 2013, Plaintiff Fong filed his billing records. Instead of just substantiating
16 the fees originally requested, however, Plaintiff filed additional motion papers and more than trebled
17 the amount of fees sought. Defendants oppose Plaintiff's request for fees, arguing that removal was
18 "objectively reasonable" and that Plaintiff's fee request is excessive.

19 **II.     Discussion**

20       Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just
21 costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court
22 has wide discretion to award attorney's fees for costs incurred as a result of improper removal. <u>Gens</u>
23 <u>v. Ferrell</u>, Case No. 05-2183 MHP, 2005 U.S. Dist. LEXIS 39115, at *4 (N.D. Cal. Dec. 22, 2005.)
24 "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the
25 removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin</u>
26 <u>Capital Corp.</u>, 546 U.S. 132, 141 (2005).

27     A.    <u>Objectively Reasonable Basis for Removal</u>

28       The Court concluded in its prior order that Defendants did not have an objectively reasonable

1 basis for removal. (Dkt. 20 at 8.) Defendants have not properly moved for reconsideration under
2 Local Rule 7-9, and, in any event, have not provided the Court any persuasive reason to revisit that
3 conclusion. Cynthia Young was a party to this action as early as July 30, 2012, when she filed an
4 amended petition in state court. Contrary to Defendants' argument, Plaintiff's First Amended
5 Petition and the SAP describe Young as not merely a beneficiary but also as a petitioner.
6 Additionally, none of the California Probate Code sections cited by Defendants suggest that Young,
7 having been a party to the state court action as early as June 30, 2012, lost her status as a party upon
8 Plaintiff Fong's filing of the SAP.

9 Similarly, Defendants have not established that it was objectively reasonable to remove this
10 case in July 2013 despite it having commenced in November 2011. In the remand order, the Court
11 noted that Defendants had not cited any case law for the proposition that the filing of an amended
12 complaint or petition starts a new action for § 1446 purposes. Defendants argue that "[s]ome cases
13 allow removal where the amended complaint (in this case petition) radically changes the nature of
14 the action." (Defs.' Opp. at 25.) The SAP did not, however, radically or substantially change the
15 nature of the action; the case remained a dispute among sibling heirs about their parent's estate.
16 (Dkt. 20 at 7.) Moreover, the case cited by Defendants involved an exception to the thirty-day
17 removal window of 28 U.S.C.§ 1446(b), not the one year limitation on removal of § 144(c)(1).
18 Johnson v. Heublein Inc., 227 F.3d 236, 241-43 (5th Cir. 2000). Finally, Defendants' reliance on
19 California probate law is unavailing because Plaintiff has cited no authority for his proposition that
20 an amended pleading in that context commences a new action.

21  B. Fee Amount

22 In its motion to remand, Plaintiff sought $9,775.00 in attorney's fees. Plaintiff's counsel,
23 Steven Wood, averred that this amount comprised 12.0 hours that he worked at $350 per hour and
24 14.3 hours that attorney Christopher Schweickert worked at $300 per hour as of July 22, 2013, and
25 an estimated $2000 to be incurred through the hearing and remand. (Wood Decl. ¶¶ 22-26.)
26 Attorney Wood stated that billing records were "kept contemporaneously and are available for in-
27 camera inspection by the Court." (Wood Decl. ¶¶ 24, 25.) Plaintiff reiterated this amount in his
28 August 12, 2013, reply brief and did not submit an amended declaration to reflect the actual costs

3

1  incurred since July 22.  The Court denied Plaintiff's request for $9,775.00 because Plaintiff did not
2  submit billing records substantiating his fee request.
3       In the pending motion for fees, Plaintiff now seeks a much higher amount of $31,335.00 in
4  attorney's fees.  This amount comprises $23,545.00 in fees incurred due to the removal and motion
5  for remand, $2,030.00 in fees incurred due to Defendants' motion to dismiss, $2,760 in fees incurred
6  in filing the pending motion for fees, and $3,000 in fees that Plaintiff estimates will be incurred
7  through the conclusion of the fee proceedings.
8       The Court declines to award Plaintiff $31,335.00, and instead awards Plaintiff $9,775.00.
9  The Court has a duty to ensure that the amount of attorney's fees requested is reasonable and does
10 not include compensation for hours that are excessive, redundant, or otherwise unnecessary.  Braco
11 v. MCI Worldcom Commc'ns, 138 F. Supp. 2d 1260, 1271 (C.D. Cal. 2001).  "Congress did not
12 intend § 1447(c) to penalize defendants or give plaintiffs a windfall."  Allen v. Monsanto Co., Case
13 No. 05-0578, 2007 U.S. Dist. LEXIS 46764, at *10 (S.D. W. Va. June 26, 2007).  The Court
14 dismissed Plaintiff's fee request without prejudice so that Plaintiff could submit the billing records
15 that counsel claimed substantiated the $9,775.00 in fees; the Court did not intend to give Plaintiff a
16 second bite at the apple so that he could triple the fees sought.  Had Plaintiff submitted his billing
17 records initially, he would have been limited to recovering at most $9,775.00.  Plaintiff's own error
18 should not result in a windfall.
19      With that in mind, the Court finds that Plaintiff is not entitled to recover the $2,030.00 in
20 fees incurred due to Defendants' motion to dismiss, the $2,760 in fees incurred in filing the motion
21 for fees, and the $3,000 Plaintiff estimates he will incur going forward.  Although in some
22 circumstances it may be appropriate to award fees incurred for addressing a motion to dismiss later
23 rendered moot by remand, here, Defendants' motion to dismiss was largely based on state law.  See,
24 e.g., Sullivan v. Pulte Home Corp., Case No. 10-664, 2010 U.S. Dist. LEXIS 105245, at *4 (D.
25 Ariz. Sept. 16, 2010) (excluding fees incurred in preparing a response to a motion to dismiss).  Also,
26 Plaintiff's attorney's fees for his motion for fees are excessive because many of the additional hours
27 worked were necessary only because Plaintiff failed to attach billing records to his motion to
28 remand.  Moreover, Plaintiff's estimated attorney's fees are speculative.

4

1 This reduction leaves $23,545.00 in fees that Plaintiff claims he incurred for Plaintiff's removal. This amount represents 72.8 hours of attorney time, billed at $350 and $300 per hour. This figure is still over twice as much as the amount that Plaintiff originally sought. Plaintiff argues that he should not be limited to that amount because it was "a conservative fee estimate generated at the commencement of the remand motion, establishing a minimum level of fees that were undoubtedly caused by the removal." (Pl.'s Reply at 6.) Plaintiff now asserts that his actual fees were $24,595 by the time of the September 3, 2013 hearing on the motion to remand. (Id.)

Plaintiff's motion to remand did not, however, describe the $9,775.00 sought as a conservative fee estimate or a minimum fee level. Rather, Plaintiff's counsel declared that $7,775 of the amount was supported by contemporaneous billing records. (Wood Decl. ¶¶ 24-25.) Moreover, Plaintiff did not supplement the fee request in his reply brief or at the September 13, 2013 hearing. Presumably, billing statements reflecting these amounts were available to Plaintiff and could have been submitted. Instead, the parties and the Court proceeded as if $9,775.00 in fees were at stake. Plaintiff's attempted increase is an unreasonable departure from the original amount and is thus excessive. See Gens, 2005 U.S. Dist. LEXIS 39115 at *11 (reducing fees as excessive where the plaintiff increased fee request by several orders of magnitude despite having contemporaneous time records available when original fee request was made).

Because of Plaintiffs' overreaching, the Court caps Plaintiff's recoverable fees at the amount sought in his remand papers: $9,775.00. Defendants do not challenge Plaintiff's counsel's hourly rates of $350 and $300, which are reasonable, and the hours comprised are also reasonable.

**III. Conclusion**

The Court grants in part Plaintiff's motion for fees under 28 U.S.C. § 1447 and awards Plaintiff $9,775.00.

**IT IS SO ORDERED.**

Dated: October 29, 2013

ELIZABETH D. LAPORTE
United States Magistrate Judge

5